UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET CHANEY ) | | |
| ) | Case Number | |
| Plaintiff ) | | |
| ) | | |
| vs. ) | CIVIL COMPLAINT | |
| ) | | |
| PORTFOLIO RECOVERY ) | | |
| ASSOCIATES, LLC ) | JURY TRIAL DEMANDED | |
| A WHOLLY-OWNED ) | | |
| SUBSIDIARY OF PORTFOLIO ) | | |
| RECOVERY ASSOCIATES, INC. ) | | |
| ) | | |
| Defendant ) | | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Margaret Chaney, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Margaret Chaney, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §

201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has an office located in this District and the Plaintiff resides in this District.

## III.  PARTIES

4. Plaintiff, Margaret Chaney, (hereafter, Plaintiff) is an adult natural person residing at 1160 E. Upsal Street, Philadelphia, PA 19150. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC (hereafter, Defendant), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the Commonwealth of Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. <u>FACTUAL ALLEGATIONS</u>

7. Within the last year, Plaintiff has been receiving constant and continuous calls from the Defendant attempting to collect on a debt allegedly owed on a Wal-Mart account.

8. Plaintiff is still unaware of how much she is said to owe on this account.

9. Plaintiff stated that with each call, the Defendant become increasingly rude and demanding to know how the Plaintiff intended to pay off her debt.

10. Plaintiff has informed the Defendant that she is recovering from a stroke and has little money.

11. Plaintiff was unable to pay more than $25.00 per month toward this account.

12. Defendant insisted that the Plaintiff enter into a settlement arrangement immediately.

13. In December, 2011, Defendant agreed to accept Plaintiff's payments of $25.00 a month as long as she agreed to increase those payments when she had more money.

14. After being harassed and coerced, Plaintiff reluctantly gave the Defendant permission to automatically withdrawal said payments from her checking account.

15. Despite Defendant receiving payments monthly as agreed, the Defendant continued to call demanding more money from the Plaintiff even though she could not afford any higher payments.

16. Plaintiff was confused and became frightened of what measures the Defendant would take because she could not afford to increase her monthly payments.

17. Plaintiff became paranoid as a result of the Defendant's incessant phone calls and demands for more money that the Plaintiff started to avoid the Defendant's daily phone calls.

18. On or about November 10, 2012, Plaintiff received a summons from the Defendant.

19. However, the summons was a suit being brought against the Plaintiff on an account this time allegedly owed on a Sam's Club account.

20. Plaintiff was unaware that the Defendant was also collecting on this account.

21. The Defendant is attempting to collect a balance of $2,764.66.

22. Plaintiff is mentally distraught and sickened by the actions of the Defendant.

23. Plaintiff is unaware of any prior paperwork being received to inform her of an additional account being collected on.

24. Defendant at no time informed the Plaintiff that they were collecting on more than one account when she entered into a settlement arrangement with them.

25. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

    §§ 1692g(a)(1):  Must state the amount of the debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

32. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

33. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

34. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

35. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

36. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

37. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

38. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

39. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW
## ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

40. The foregoing paragraphs are incorporated herein by reference.

41. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

42. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

43. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

44. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

45. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

      a.        An Order declaring that Defendant violated the UTPCPL;

      b.        Actual damages;

      c.        Treble damages;

      d.        An award of reasonable attorney's fees and expenses and cost of suit; and

      e.        Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                       **Respectfully submitted,**

                                       **VULLINGS LAW GROUP, LLC**

**Date: November 29, 2012**

                                     **BY: _/s/ Brent F. Vullings BFV8435_**
                                     Brent F. Vullings, Esquire
                                     3953 Ridge Pike
                                     Suite 102
                                     Collegeville, PA 19426
                                     P: 610-489-6060
                                     F: 610-489-1997
                                     Attorney for Plaintiff